UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

IVETTE CABALLERO,

    Plaintiff,

vs.

AVIATION INFLATABLES, LLC,
A Florida Limited Liability Company,
formerly doing business as AVIATION INFLATABLES INC.,

    Defendant.
_____/

## COMPLAINT

Comes now, IVETTE CABALLERO, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendant, AVIATION INFLATABLES, LLC, a Florida Limited Liability Company, formerly doing business as AVIATION INFLATABLES INC., (hereinafter, "Defendant"), and states:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq.*, the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* and Florida Statutes 440.205.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

1

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

## PARTIES

4. Plaintiff at all times relevant to this action resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

5. Plaintiff is a member of a class protected under the ADA, and ADAAA, and the FCRA in that she was subjected to dismissal from employment based on her disability or perceived disability and in retaliation for her disability and request for an accommodation.

6. Plaintiff was an employee covered by the FMLA in that she was employed for at least 12 months and at least 1,250 hours prior to her request for leave. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

7. On November 22, 2021, Defendant, formally doing business as AVIATION INFLATABLES, INC. was converted into AVIATION INFLATABLES, LLC a Florida limited liability Company existing in Florida with its principal place of business in Davie, Florida and authorized to do business in Florida.

8. Defendant has, at all times material, employed 50 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with 29 U.S.C. § 2611(4)(A)(iii), Title VII, the ADA, ADAAA, and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

10. Plaintiff's Charge was filed on or about October 18, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

11. Plaintiff was issued a Notice of Right to Sue on April 15, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

12. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

13. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiff was an employee of Defendant continuously from 2019 through on or about May 8, 2021.

15. On or about December 9, 2020, Plaintiff suffered a work-related accident. As a result of the accident, Plaintiff suffered injuries to her right shoulder and wrist that limited her ability to push, pull, or lift heavy weight, and her overall mobility.

16. Shortly after the incident, Plaintiff informed her supervisor Isabel Cano (hereinafter "Cano") that she was experiencing pain since the accident. Cano reported Plaintiff's injury to Human Resources, and Plaintiff was referred to a workers' compensation doctor.

17. Plaintiff was examined by the workers compensation doctor and was referred to do physical therapy and given restrictions. Plaintiff presented all medical documentation to human resources.

18. Upon receiving Plaintiff's medical documents, Wanda Naranjo, human resources representative, hereinafter ("Naranjo") told Plaintiff that she needed to schedule her therapy sessions so they wouldn't conflict with her work schedule as her absences wouldn't be excused.

19. On or around January of 2021, Plaintiff was transferred to the position of team leader, but this role still required her to do tasks that were not accommodating her physical limitations.

20. Furthermore, on or about March 2021, Defendant awarded merit-based raises to all employees except Plaintiff.

21. On or about May 8, 2021, Plaintiff followed up with Cano regarding her restrictions and asked her why she did not receive a raise like the rest of the employees. Cano told Plaintiff that she did not get the raise because of her "absences within the last 5 months".

22. Plaintiff supplied Defendant with several notes related to her absences and also for accommodations.

23. Defendant failed to accommodate Plaintiff's requests for reasonable accommodations set forth in ¶ 16, 17 *supra*.

24. Plaintiff was left with no choice but to resign because of the disparate treatment and lack of accommodations.

25. Upon Plaintiff's belief, Defendant's reason for disparate treatment, was due to Plaintiff's disability and/or her requests for accommodations, which is unlawful and retaliatory.

26. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's disability and/or requests for accommodations were a motivating factor in the decision for the adverse employment action.

27. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

28. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF THE FMLA
## (INTERFERENCE)

29. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-28 above as though the same were fully set forth herein.

30. This is an action under the Family and Medical Leave Act of 1993 [29 U.S.C. §§ 2601 et seq.] for retaliation in violation of 29 U.S.C. § 2615(a)(1).

31. Plaintiff was eligible for FMLA leave due to her serious health condition pursuant to 29 U.S.C. § 2612(a)(1)(D).

32. She requested leave pursuant to the statute and provided all the information required by the Defendant.

33. Plaintiff gave sufficient notice to her employer of her need for leave under the FMLA and provided all supporting paperwork.

34. Under the FMLA, 29 U.S.C. § 2614(a), Plaintiff had the right to take up to twelve (12) workweeks of leave under the Act.

35. Defendant failed to provide Plaintiff, information of her right to take intermittent leave. Furthermore, Defendant marked Plaintiff's absences as unexcused even though these absences were related to her attending therapy.

36. Defendant failed to give Plaintiff a merit-based raise in May of 2021. Plaintiff was told her absences were the reason for denying her a raise. Denial of a raise constitutes an adverse employment action.

37. Plaintiff provided Defendant sufficient notice of her need for leave to attend therapy.

38. Defendant failed to provide Plaintiff with an eligibility notice, rights and responsibilities notice, and designation notice or any other documentation for FMLA.

39. Defendant failed to designate Plaintiff's absences related to her condition as protected leave.

40. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

41. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendant.

**WHEREFORE,** Plaintiff requests judgment for:

A. Adjudge and decree that the Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of the Defendant's violation of the FMLA, all as provided in 29 U.S.C. §2617;

C. Interest on the amount found due;

D. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

E. Plaintiff's costs of suit herein together with reasonable attorney's fees incurred in this action; and

F. Such other relief as the Court deems just and proper.

## COUNT II
## DISABILITY DISCRIMINATION
## UNDER THE ADA AND ADAAA

42. Plaintiff incorporates herein the allegations in paragraphs 1-28, inclusive, as though same were fully re-written, and says:

6

43. Plaintiff is disabled as she suffers from a physical impairment that substantially limits one or more major life activities; to wit: lift, push, pull, or carry.

44. Plaintiff was at all times qualified to perform the essential functions of her job with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act Amendments Act (ADAAA), § 101(8) (42 U.S.C. § 12111(8)).

45. The ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of her actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

46. The adverse treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's denial of a raise, was the direct and proximate result of Plaintiff's actual disability, which substantially limited her in one or more major life activity and/or Plaintiff's record of having such disability.

47. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

48. Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

49. Defendant engaged in unlawful employment practices in violation of 42 USC §2000e-2 by discriminating against Plaintiff because of her disability by denying her a merit base raise under the circumstances described above.

50. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

51. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

52. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

**WHEREFORE,** Plaintiff requests that this court enter judgment against Defendant for:

    A.    Actual damages as a result of Defendant's discriminatory actions;

    B.    Punitive damages due to Defendant's willful behavior;

    C.    Compensatory damages;

    D.    Injunctive relief where feasible;

    E.    Attorney's fees;

    F.    Costs of this action; and

    G.    Any other relief this Court deems proper.

## COUNT III
## FAILURE TO ACCOMMODATE IN VIOLATION
## OF THE ADA AND ADAAA

53. Plaintiff incorporates herein the allegations in paragraphs 1-28, inclusive, as though same were fully re-written, and says:

54. Plaintiff was disabled as she suffered from physical limitation which limited her mobility in her to push, pull, or lift heavy weight, and her overall mobility of her right arm.

55. Plaintiff is, and at all times was, qualified to perform the essential functions of her job with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the ADAAA § 101(8) (42 U.S.C. § 12111(8)).

56. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). Plaintiff requested time off to attend therapy and to be moved to a position that did not require her to perform strenuous physical tasks. These requests were reasonable and would not have caused Defendant undue hardship.

57. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

58. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of unlawful conduct.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follow:

    A. Actual damages as a result of Defendant's discriminatory actions;

    B. Punitive damages due to Defendant's willful behavior;

    C. Compensatory damages;

    D. Injunctive relief where feasible;

    E. Attorney's fees;

    F. Costs of this action; and

    G. Any other relief this Court deems proper.

**COUNT IV**
**VIOLATION OF THE ADA AND ADAAA**
**(RETALIATION)**

59. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-28 above as though the same were fully set forth herein.

60. Plaintiff requested reasonable accommodation(s) for her disability. This request was made to the supervisor Cano and to Human Resources Representative, Naranjo.

61. As a direct result of Plaintiff's requests for a reasonable accommodation, Plaintiff was subjected to disparate treatment and adverse employment action.

62. Plaintiff's denial of request for accommodations and denial of a raise constitutes adverse employment action(s) under the ADA and ADAAA.

63. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

64. Defendant's states reason(s) for denying Plaintiff's request for accommodation is pretextual.

65. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for reasonable accommodation, was a motivating factor in the decision for the adverse employment action(s).

**WHEREFORE,** Plaintiff requests that:

  A. The Court award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

  B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

  C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

59. Plaintiff incorporates herein the allegations in paragraphs 1-28, inclusive, as though same were fully re-written, and says:

60. Section 760.10 of the FCRA states in relevant part:

    (1) it is unlawful employment practice for an employer: (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

61. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of her actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

62. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's denial of a raise, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited her in one or more major life activities, and/or Plaintiff's record of having such disability.

63. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

64. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

11

65. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

66. Based on information and belief, Plaintiff alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

67. Plaintiff incorporates herein the allegations in paragraphs 1-28, inclusive, as though same were fully re-written, and says:

68. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

69. Plaintiff requested that she be allowed to take time off work as needed to attend therapy and that she be moved to a position where she did not have to perform strenuous activity that would not be within her limitations.

70. As a result of Plaintiff's requests for reasonable accommodations, Plaintiff was denied a raise that was granted to all other employees in March of 2021 without valid reason.

71. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

72. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

73. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Naranjo and/or other employees.

Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

74. Defendant's alleged reason(s) for denying Plaintiff of a raise (if any) are pretextual as described above.

75. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's disability and/or requests for accommodation were a motivating factor in the decision for the adverse employment action(s).

76. Plaintiff further seeks her attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper

## COUNT VII
## VIOLATION OF WORKERS' COMPENSATION LAWS

77. Plaintiff incorporates herein the allegations in paragraphs 1-28, inclusive, as though same were fully re-written, and says:

78. Plaintiff brings this action under Florida Law prohibiting retaliation for filing or attempting to file a valid workers' compensation claim under Florida Statutes § 440.205.

79. On or about December 9, 2020, Plaintiff suffered a work-related injury and sought workers' compensation benefits for medical treatment in accordance with the provisions of the Workers' Compensation Law.

80. On or about May 2021, Plaintiff was the only employee who did not receive a raise. Prior to her injury, Plaintiff had no disciplinary actions and was not made aware of any performance deficiencies.

81. Plaintiff's compensation claim was a motivating factor in Defendant's adverse employment action, including but not limited to, the denial of a raise, against Plaintiff, in violation of Florida Statutes § 440.205, as evidenced by the lack of disciplinary action or prior warning of work-performance related issues.

82. Plaintiff's work record with Defendant prior to her injury was satisfactory.

83. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for her rights under Florida Statutes § 440.205. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

84. Any purported reason for Plaintiff's discharge given by Defendant is pretextual.

    **WHEREFORE,** Plaintiff demands judgment for:

        A. Plaintiff's lost wages and/or benefits as a result of the adverse employment action;

B. Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

C. Interest on all monies owed;

D. Assessment against Defendant for those reasonable attorney's fees and costs incurred as a result of bringing this action as permitted by Florida statutes;

E. A trial by jury; and

F. Any other relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff IVETTE CABALLERO demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: July 14, 2022

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

/s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com


/s/ *Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com